OPINION of the Court, by
Judge Clark.
Brevard brought an action of debt in the Garrard circuit court, against Graham, upon a record of a judgment of the state of North Carolina, and obtained judgment for sixty dollars forty-two cents debt, and sixty-four dollars forty-two cents id damages. On the motion of the defendant, ⅜ new trial was granted him ¡ to wfoch there is a bill of exceptions, containing the grounds upon which rt was awarded. The record presents two other bills of exceptions, which will be unnecessary to notice, as the first presents sufficient error to reverse the judgment.
The ground made out for a new trial is in substance ; that the defendant did not owe the debt for which suit was brought, and at the same time produced a receipt for a pardal payment. The reason alleged for not defending the suit, was his want of knowledge when it would come on, and that he attended in about an hour after the trial, for the purpose of making a defence. The truth of these facts were supported by his own oath alone. It is difficult, if not impracticable, to lay down any precise rule upon the- subject of new trials ; they must depend so much upon the nature of the controversy and the whole complexion of the cause, that no general rule can be laid down without having so many exceptions, that it would rather embarrass, than facilitate the administration of justice. If the defendant this cause had in fact a good defence at the time of she trial, he ought to have been in court ready to shew fit» ot if he was unprepared at that period for trial, he ' ‘ ' *178 ought to have been ready with his reasons why he was so. The alleged ignorance of the defendant as to the day on which his cause would be tried, is insufficient upon every principle of reason, to warrant a new trial. From the exceptions filed in the cause, it does not appear he had taken one step towards preparation : he neither attended to it himself, nor had he employed counsel to do it for him. It would be too great a relaxation of the rule, that every man is presumed to know what the law is, to permit a man, after a judgment has been regularly obtained against him, to set it aside, because he did not know when and how to make his defence.
Wherefore, it is considered by the court, that the judgment of the said circuit court be reversed, and the verdict of the jury in the last trial of the cause be set aside ; that the cause be remanded to the said circuit court, with directions to enter up a judgment on the verdict first given.